IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO PERCY PEW, | : | Civil No. 1:21-CV-949 |
| | : | |
| Plaintiff, | : | |
| | : | (Chief Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| LT. SHERMAN, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

### I.  Statement of Facts and of the Case

This is a prisoner civil rights case filed by the *pro se* plaintiff, Alfonso Pew, a state inmate incarcerated in the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Phoenix. Pew alleges that while he was incarcerated at SCI Rockview, he was physically and sexually assaulted by two correctional officers in the Restricted Housing Unit ("RHU"). He further alleges that supervisory staff knew of a risk of harm to him and failed to prevent his transfer to the RHU. Thus, Pew brings Eighth Amendment claims against these defendants pursuant to 42 U.S.C. § 1983.

Pending before the court are a series of motions to compel the production of several documents filed by the plaintiff. (Docs. 50, 68, 71). As we view them, in these motions Pew seeks entry and exit logbooks from the RHU for a four-month

period, and further seeks documents pertaining to the investigation conducted under the Prison Rape Elimination Act ("PREA"). For their part, the defendants contend that this information is not relevant to Pew's Eighth Amendment claims against these defendants. Moreover, with respect to the logbooks, they assert that the production of any RHU logbooks would pose a security risk to the institution.

After consideration, we conclude that Pew is not entitled to the logbooks he has requested because he has not shown they are relevant to the claims he has asserted against the defendants. However, to the extent Pew seeks information pertaining to the PREA investigation report in this case, we will order the defendants to provide us with an unredacted copy of the report for *in camera* inspection to determine if any additional portion of the entire report may be disclosed to the plaintiff. Accordingly, the motions to compel will be granted in part and denied in part.

## II. Discussion

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery....

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter ..., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

Turning to Pew's motion to compel, Pew seeks to have us compel the production of several documents, including RHU logbooks and PREA interview reports. At the outset, to the extent the plaintiff is seeking a logbook documenting the meetings between Lt. Sherman and himself regarding his PREA complaint, the defendants have objected to this request on the basis that no such logbook exists. Thus, the plaintiff would have us compel the production of something that purportedly does not exist. This we cannot do. Accordingly, we will deny this request.

The plaintiff also requested the entry and exit logbook and/or sign-in sheets for the RHU for the period between May 15, 2021, and September 24, 2021,

specifically seeking the times that Lt. Sherman entered and exited the RHU. At the outset, we note that this request does not appear to be relevant to Pew's claims in this case. Pew asserts that he was assaulted by correctional officers Lentz and Pancoast on May 15, 2021, and that Lt. Sherman knew of a risk to his safety *before* the alleged assault but did nothing to stop Pew's transfer to the RHU. Thus, given this allegation, it is difficult to see how logbook entries *after* the alleged assault would shed light on the issue of Lt. Sherman's liability under the Eighth Amendment. Moreover, and significantly, we agree with the defendants that disclosure of this kind of document may pose a security risk that outweighs any potential relevance to the plaintiff's case. The defendants have asserted that these documents contain confidential information regarding staffing levels, shift assignments, and other prisoners. Accordingly, given that we have concluded that these documents are not relevant to the plaintiff's claims in this case, we will deny the request for these documents.

Finally, the plaintiff requests documents related to "all Alfonso Percy Pew PREA interview records" with two psychologists. (Doc. 51-1, at 1). At the outset, this request appears to be vague and overly broad, since it does not appear to distinguish which PREA records the plaintiff is seeking. One this score, the defendants have produced the PREA investigation report pertaining to Pew's allegations in this case, which contains several redactions. Out of an abundance of

5

caution, we will order the defendants to produce the unredacted PREA investigation report pertaining to the plaintiff's Eighth Amendment allegations in this case to the court for *in camera* inspection. Following our *in camera* review, we will determine if this information may be produced to the plaintiff in an unredacted form. However, to the extent Pew is seeking the wholesale disclosure of all PREA interviews and information pertaining to other cases or allegations, such a request is too vague and overly broad, and thus is denied.

### III. Order

Accordingly, for the foregoing reasons, the plaintiff's motions to compel (Docs. 50, 68, 71) are GRANTED IN PART AND DENIED IN PART as follows:

1. The plaintiff's request for information related to his PREA investigation is GRANTED IN PART, in that the defendants shall produce the full, unredacted PREA investigation report to the court for *in camera* review on or before **July 28, 2022**. We will then make a determination as to whether this report can be disclosed to the plaintiff in an unredacted form; and
2. The plaintiff's requests for logbook entries from the RHU is DENIED.

So ordered this 14th day of July 2022.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge