IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO PERCY PEW, | No. 1:21-CV-00949 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| LT. SHERMAN, *et al.*, | |
| Defendants. | |

**ORDER**

**NOVEMBER 28, 2022**

Alfonso Percy Pew filed an amended 42 U.S.C. § 1983 civil rights complaint alleging that numerous individuals violated his civil rights by refusing to move him from a cell block guarded by an officer against whom Pew had lodged a complaint.[1] In June of 2022, Magistrate Judge Martin C. Carlson issued a scheduling Order that, *inter alia*, set an August 5, 2022 deadline for filing dispositive motions.[2] That deadline lapsed, with none of the parties having filed dispositive motions. Because nothing remains but to schedule this matter for trial, on October 13, 2022, Magistrate Judge Carlson issued a Report and Recommendation recommending that this Court schedule the matter for trial.[3] No timely objections were filed to this Report and Recommendation.

---

[1] Doc. 20.
[2] Doc. 49.
[3] Doc. 84.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[4] Regardless of whether objections are made, district courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge.[5] Upon review of the record, the Court finds no error in Magistrate Judge Carlson's conclusion that this matter should proceed toward trial. Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 84) is **ADOPTED**;

2. Pew's motion for an extension of time (Doc. 79) is **DENIED** as moot; and

3. A telephonic status conference call shall be scheduled by separate Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[4] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.