IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO PERCY PEW, | No. 1:21-CV-00949 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| LT. SHERMAN, *et al.*, | |
| Defendants. | |

## ORDER

**MAY 19, 2023**

This is a prisoner civil rights case that is presently before the Court on Plaintiff's request to voluntarily dismiss several of his claims pursuant to Federal Rule of Civil Procedure 41 and Defendants' related request for a Court Order clarifying which claims remain viable in advance of the summary judgment deadline, which is scheduled for May 22, 2023.[1]

By way of relevant procedural background, Plaintiff filed his original complaint on May 26, 2021.[2] The case was initially referred to United States Magistrate Judge Martin C. Carlson for all pretrial management. Magistrate Judge Carlson granted Plaintiff's motion for leave to amend on July 23, 2021, and docketed Plaintiff's proposed amended complaint as the operative complaint in the

---

[1] *See* Docs. 98, 101.
[2] Doc. 1.

case.³ The amended complaint contained six pages that amended the substance of Plaintiff's original claims and an additional sixteen pages, labeled "Supplemental Pleading," that added several additional claims against newly named defendants.⁴

Because service was not initially completed on the newly named defendants, Deputy Rivello and Correctional Officer Frye, Plaintiff moved for an Order directing the Clerk of Court to complete service on those defendants.⁵ Noting that there were "doubts as to whether these individuals were properly named as defendants" and as to whether the claims could proceed against them, Magistrate Judge Carlson denied the motion on July 7, 2022 without prejudice to Plaintiff's right to more clearly articulate the basis for his claims against the newly named defendants.⁶ Plaintiff did not subsequently file any response to Judge Carlson's order to more clearly articulate his claims against Rivello and Frye.

After the close of fact discovery, the dispositive motions deadline lapsed with neither party filing a motion for summary judgment.⁷ Judge Carlson accordingly recommended that the case be scheduled for trial at the Court's convenience.⁸ I adopted the report and recommendation on November 28, 2022 and scheduled the case for a telephonic conference to discuss a schedule for trial.⁹

---

3   *See* Docs. 19-20.
4   *See* Doc. 20.
5   Doc. 57.
6   Doc. 65.
7   *See* Doc. 84.
8   *Id.*
9   Doc. 90.

I conducted the conference with the parties on April 24, 2023. During the conference, counsel for Defendants requested an extension of time to file dispositive motions. I granted the request and imposed a renewed dispositive motions deadline of May 22, 2023.[10]

Plaintiff filed the instant request to voluntarily dismiss certain claims on April 28, 2023.[11] Recognizing that it will be difficult to prove several of his claims, Plaintiff moves to voluntarily dismiss all claims raised in the "Supplemental Pleading" section on pages 6-22 of his amended complaint and states that he wishes to only proceed with the claims raised on pages 1-6 of the amended complaint.[12] Plaintiff additionally states his desire to voluntarily withdraw all claims raised on pages 4-5 of the amended complaint against Defendants Lentz and Pancoast for alleged sexual abuse, sexual harassment, and verbal threats.[13]

On the same day, Plaintiff filed another document that the Clerk of Court has docketed as a motion to supplement at Doc. 99 of the Court's electronic docket. This document, which is dated and signed July 7, 2021, appears to be a duplicate of the original motion for leave to amend that Plaintiff filed.[14] In light of that fact, I construe Plaintiff's filing of the motion as an intended exhibit or

---

[10]  Doc. 97.
[11]  Doc. 98.
[12]  *Id.* at 1.
[13]  *Id.*
[14]  *See* Doc. 99.

3

attachment to his request to voluntarily withdraw certain claims from the lawsuit and not as a new motion to supplement. I accordingly will direct the Clerk of Court to terminate Doc. 99 as a pending motion and will not otherwise rule on the substance of the motion.

Defendants filed a response to the request to voluntarily dismiss claims on May 8, 2023.[15] Defendants consent to the dismissal of the claims and request that I issue an Order clarifying which claims remain viable in the case prior to the May 22, 2023 dispositive motions deadline.[16]

I will grant Plaintiff's motion to voluntarily dismiss certain claims. It appears that the dismissal of the claims complies with all requirements for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). In light of that dismissal, and liberally construing the remaining claims in Plaintiff's amended complaint, I find that the claims remaining in this case are: (1) a claim that Defendants Sherman, Salamon, and Knapp were deliberately indifferent to the risk that Plaintiff would be assaulted by Defendants Lentz and Pancoast in violation of the Eighth Amendment; and (2) a claim that Defendants Sherman, Salamon, Knapp, Lentz, and Pancoast were negligent under Pennsylvania law.

---

[15]  Doc. 101.
[16]  *Id.*

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for voluntary dismissal of certain claims (Doc. 98) is **GRANTED**.

2. All claims asserted on pages 7-22 of Plaintiff's amended complaint and all claims raised on pages 4-5 of the amended complaint against Defendants Lentz and Pancoast for alleged sexual abuse, sexual harassment, and verbal threats are **DISMISSED**.

3. Defendants Rivello and Frye are **DISMISSED** from this case.

4. This case shall proceed only as to (1) Plaintiff's claim that Defendants Sherman, Salamon, and Knapp were deliberately indifferent to the risk that he would be assaulted by Defendants Lentz and Pancoast in violation of the Eighth Amendment; and (2) Plaintiff's claim that Defendants Sherman, Salamon, Knapp, Lentz, and Pancoast were negligent under Pennsylvania law.

5. The Clerk of Court is directed to terminate Doc. 99 as a pending motion.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge