IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO PERCY PEW, | No. 1:21-CV-00949 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| LT. SHERMAN, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

NOVEMBER 22, 2023

*Pro se* Plaintiff Alfonso Percy Pew ("Plaintiff"), who is presently incarcerated in the State Correctional Institution-Phoenix ("SCI-Phoenix") and was incarcerated in the State Correctional Institution-Rockview ("SCI-Rockview") at all relevant times, alleges civil rights violations by Defendants employed at SCI-Rockview. Defendants have moved for summary judgment. I will grant the motion.

I.  BACKGROUND

Plaintiff filed his original complaint on May 26, 2021.[1] The case was initially referred to United States Magistrate Judge Martin C. Carlson for all pretrial management. Magistrate Judge Carlson granted Plaintiff's motion for leave to amend on July 23, 2021, and docketed Plaintiff's proposed amended

---

[1] Doc. 1.

complaint as the operative complaint in the case.[2]  The amended complaint contained six pages that amended the substance of Plaintiff's original claims and an additional sixteen pages, labeled "Supplemental Pleading," that added several additional claims against newly named defendants.[3]

Because service was not initially completed on the newly named defendants, Deputy Rivello and Correctional Officer Frye, Plaintiff moved for an Order directing the Clerk of Court to complete service on those defendants.[4]  Noting that there were "doubts as to whether these individuals were properly named as defendants" and as to whether the claims could proceed against them, Magistrate Judge Carlson denied the motion on July 7, 2022 without prejudice to Plaintiff's right to more clearly articulate the basis for his claims against the newly named defendants.[5]  Plaintiff did not subsequently file any response to Magistrate Judge Carlson's order to more clearly articulate his claims against Rivello and Frye.

After the close of fact discovery, the dispositive motions deadline lapsed with neither party filing a motion for summary judgment.[6]  Magistrate Judge Carlson accordingly recommended that the case be scheduled for trial at the Court's convenience.[7]  I adopted the report and recommendation on November 28,

---

[2]  See Docs. 19-20.
[3]  See Doc. 20.
[4]  Doc. 57.
[5]  Doc. 65.
[6]  See Doc. 84.
[7]  Id.

2022, and scheduled the case for a telephonic conference to discuss a schedule for trial.[8]

I conducted the conference with the parties on April 24, 2023. During the conference, counsel for Defendants requested an extension of time to file dispositive motions. I granted the request and imposed a renewed dispositive motions deadline of May 22, 2023.[9]

Plaintiff moved to voluntarily dismiss several of the claims raised in his amended complaint on April 28, 2023.[10] I granted the motion on May 19, 2023, allowing the case to proceed solely as to (1) a claim that Defendants Sherman, Salamon, and Knapp were deliberately indifferent to the risk that Plaintiff would be assaulted by Defendants Lentz and Pancoast in violation of the Eighth Amendment; and (2) a claim that Defendants Sherman, Salamon, Knapp, Lentz, and Pancoast were negligent under Pennsylvania law.[11]

Defendants moved for summary judgment on May 22, 2023, and filed a brief in support of the motion and a statement of material facts as required by Local Rule 56.1 on the same day.[12] After being granted an extension of time, Plaintiff timely responded to the motion on July 21, 2023.[13] Defendants filed a

---

[8] Doc. 90.
[9] Doc. 97.
[10] Doc. 98.
[11] Doc. 102.
[12] Docs. 103-05.
[13] Docs. 112-13.

reply brief in support of the motion on August 18, 2023, making the motion ripe for review.[14]

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] "Facts that could alter the outcome are 'material facts,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[16] "A defendant meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[17] "A plaintiff, on the other hand, must point to admissible evidence that would be sufficient to show all elements of a prima facie case under applicable substantive law."[18]

"The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[19] Thus, "if the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict

---

[14] Doc. 117.
[15] Fed. R. Civ. P. 56(a).
[16] *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (Hutchinson, J.) (first citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); and then citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).
[17] *Clark*, 9 F.3d at 326.
[18] *Id.*
[19] *Anderson*, 477 U.S. at 252.

based on a lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."[20] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[21]  "The judge's inquiry, therefore unavoidably asks . . . 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."[22]  The evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery.

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[23]  "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates

---

[20]   Id.
[21]   Id.
[22]   Id. (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)).
[23]   *Celotex*, 477 U.S. at 323 (internal quotations omitted).

that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."[24]

Where the movant properly supports his motion, the nonmoving party, to avoid summary judgment, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[25]  For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (i) "citing to particular parts of materials in the record" that go beyond "mere allegations"; (ii) "showing that the materials cited do not establish the absence or presence of a genuine dispute"; or (iii) "showing . . . that an adverse party cannot produce admissible evidence to support the fact."[26]

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant."[27]  Moreover, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[28]  On a motion for summary judgment,

---

[24] *Id.*
[25] *Anderson*, 477 U.S. at 250.
[26] Fed. R. Civ. P. 56(c)(1).
[27] *Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).
[28] Fed. R. Civ. P. 56(e)(2).

6

"the court need consider only the cited materials, but it may consider other materials in the record."[29]

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[30] "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[31] "If the evidence is merely colorable . . . or is not significantly probative, summary judgment may be granted."[32]

## III. MATERIAL FACTS[33]

Local Rule 56.1 requires a party moving for summary judgment to submit "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."[34] The non-movant must file a statement in response to the movant's statement that responds to the numbered paragraphs in the movant's statement and sets forth which paragraphs present a genuine issue of material fact.[35] Any facts that are set forth in the movant's statement that are not contradicted by the non-

---

[29] Fed. R. Civ. P. 56(c)(3).
[30] *Anderson*, 477 U.S. at 249.
[31] *Id.*
[32] *Id.* at 249-50 (internal citations omitted).
[33] This statement of material facts does not include facts relevant to whether Plaintiff exhausted administrative remedies because, as noted *infra*, I do not consider that issue in this Opinion.
[34] M.D. Pa. L.R. 56.1.
[35] *Id.*

movant's statement are "deemed to be admitted."[36]  In this case, Defendants filed a statement of material facts as required by Local Rule 56.1, and Plaintiff filed a response to Defendants' statement.[37]  The following statement of undisputed facts is derived from the parties' statements.  I will cite directly to the parties' statements to the extent that factual assertions in the statements are undisputed or supported by uncontroverted record evidence.

Plaintiff was incarcerated in SCI-Rockview in April and May 2021.[38]  On April 4, 2021, Plaintiff sent a request to staff member form to Defendant Salamon, requesting that several staff members be removed from G-Unit, the housing unit where he was housed.[39]  Plaintiff did not state in the request why he wished to have the officers removed from the unit, nor did he mention Defendants Lentz and Pancoast among the officers he wished to have removed.[40]

On April 21, 2021, Plaintiff filed a written request to be separated from the staff members and inmates who were involved in an earlier complaint he filed pursuant to the Prison Rape Elimination Act ("PREA").[41]  The request did not state why he sought separation from the involved individuals.[42]  On the same day, Plaintiff filed a written statement of his PREA complaint, in which he alleged that

---

[36]  *Id.*
[37]  Docs. 104, 113.
[38]  Doc. 104 ¶ 1; Doc. 113 ¶ 1.
[39]  Doc. 104 ¶ 3; Doc. 113 ¶ 3.
[40]  *See* Doc. 104-5.
[41]  Doc. 104 ¶ 4; Doc. 113 ¶ 4.
[42]  *See* Doc. 104-3.

another inmate, Michael Lee, had made various sexually harassing comments to him in which Lee had referred to Plaintiff and Plaintiff's mother performing oral sex on him and threatened to "sodomize" Plaintiff and his mother.[43]

The complaint alleged that Defendants Salamon, Knapp and other correctional officers encouraged and condoned Lee's behavior by giving Lee extra food and favorable treatment.[44] The complaint did not name Defendants Lentz or Pancoast.[45] Plaintiff additionally filed a written request to Defendant Salamon on the same day requesting that he be placed on "camera movement restriction."[46] Plaintiff did not mention Defendants Lentz or Pancoast in this document.[47] Salamon denied the request, stating that camera movement restriction was not necessary.[48]

Plaintiff alleges that Defendants Lentz and Pancoast physically and sexually assaulted him on May 15, 2021.[49] No other individuals were present during the alleged assault.[50]

---

[43] *See* Doc. 104 ¶ 5; Doc. 113 ¶ 5; Doc. 104-4.
[44] *See* Doc. 104-4.
[45] *See id.*
[46] Doc. 104 ¶ 7; Doc. 113 ¶ 7; Doc. 104-2.
[47] *See* Doc. 104-2.
[48] *Id.*
[49] Doc. 20 at 4. Defendants' statement of material facts does not contain any facts pertaining to the assault. I accordingly include allegations from the complaint for the purpose of resolving the instant motion and construe them in the light most favorable to Plaintiff as the nonmovant.
[50] *See id.*

## IV.  ANALYSIS

Plaintiff's constitutional claims are brought under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."[51]  "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[52]

Defendants argue they are entitled to summary judgment on Plaintiff's negligence claim on the basis of sovereign immunity and because Plaintiff failed to exhaust administrative remedies.[53]  Defendants argue they are entitled to summary judgment on Plaintiff's deliberate indifference claim because Plaintiff cannot

---

[51]  *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).
[52]  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).
[53]  Doc. 105.

establish Defendants' personal involvement, because Plaintiff cannot establish that they were deliberately indifferent, and because they are entitled to qualified immunity.[54] I address Defendants' summary judgment arguments below.

At the outset, I note that the facts of this case are limited in scope to events that occurred on or before May 15, 2021. The factual allegations in Plaintiff's amended complaint end on May 15, 2021,[55] and Plaintiff has neither sought nor obtained leave to supplement his complaint to allege facts occurring after that date.[56] Thus, although Plaintiff asserts that there are numerous disputes of material facts arising from events occurring after May 15, 2021,[57] those facts are irrelevant to the case. Similarly, although Plaintiff appears to argue that he may proceed on assault and battery claims against Defendants Lentz and Pancoast,[58] no such claims are advanced in his amended complaint.[59] I will accordingly disregard any legal arguments regarding purported assault and battery claims because those claims are not part of this case.

Turning to Defendants' substantive arguments for summary judgment, I will first consider the argument that Defendants are entitled to sovereign immunity

---

[54] *Id.*
[55] *See* Doc. 20.
[56] Although Plaintiff alleged facts occurring after May 15, 2021 in the "Supplemental Pleading" section of his amended complaint, *see* Doc. 20 at 7-22, Plaintiff voluntarily dismissed this section of his complaint, s*ee* Docs. 98, 102.
[57] *See* Doc. 112 at 4-6, 10; Doc. 113 at 1, 3.
[58] *See id.* at 8.
[59] *See* Doc. 20.

from Plaintiff's negligence claim.  Pennsylvania law provides that commonwealth employees acting within the scope of their employment are entitled to sovereign immunity from most state law claims.[60]  With ten limited exceptions,[61] commonwealth employees retain their sovereign immunity with respect to both intentional tort and negligence claims.[62]

None of the ten exceptions to sovereign immunity apply in this case.  Plaintiff asserts that the case falls under the "care" exception of 42 Pa.C.S. § 8522(b)(3) because Defendants are responsible for his care as an inmate.[63]  Plaintiff is incorrect.  Section 8522(b)(3) provides that sovereign immunity is waived for damages claims arising out of "the care, custody or control of personal property in the possession or control of Commonwealth parties."[64]  This is clearly not a case that implicates this provision: Plaintiff's claim allege that Defendants failed to protect him from an assault by Defendants Lentz and Pancoast.  No claim is asserted based on Defendants' handling of Plaintiff's personal property.

Accordingly, I will grant summary judgment on Plaintiff's negligence claim on the basis of sovereign immunity.  Having reached this conclusion, I will not

---

[60]  *See* Pa.C.S. § 2310.
[61]  *see* 42 Pa.C.S. § 8522.
[62]  *See Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010) (citing *Holt v. Nw. Pa. Training P'Ship Consortium, Inc.*, 694 A.2d 1134, 1139 (Pa. Commw. Ct. 1997)).
[63]  *See* Doc. 112 at 2, 8; Doc. 113 at 5.
[64]  42 Pa.C.S. § 8522(b)(3).

address Defendants' argument that Plaintiff has failed to exhaust administrative remedies with respect to the negligence claim.

I will also grant summary judgment as to Plaintiff's deliberate indifference claim. To succeed on a deliberate indifference claim, a plaintiff must establish that (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) defendants were deliberately indifferent to that risk, and (3) defendants' deliberate indifference caused him harm.[65] The first element is an objective inquiry of whether defendants "knowingly and unreasonably disregarded an objectively intolerable risk of harm."[66] The second element is subjective: defendants "must actually have known or been aware of the excessive risk to inmate safety."[67]

Plaintiff's deliberate indifference claim alleges that Defendants Sherman, Salamon, and Knapp were deliberately indifferent to the risk that Plaintiff would be assaulted by Defendants Lentz and Pancoast. Plaintiff, however, has not come forward with any evidence that Sherman, Salomon, or Knapp were aware of any risk that Lentz and Pancoast would assault him prior to the alleged assault. None of the evidence proffered by Plaintiff supports a finding that Plaintiff ever told

---

[65] *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)), *abrogated in nonrelevant part as recognized by Mack v. Yost*, 968 F.3d 311, 319 n.7 (3d Cir. 2020).
[66] *Beers-Capitol v. Wetzel*, 256 F.3d 120, 132 (3d Cir. 2001).
[67] *Bistrian*, 696 F.3d at 367 (quoting *Beers-Capitol*, 256 F.3d at 125).

Sherman, Salomon, and Knapp that he was concerned that Lentz and Pancoast would assault him. Plaintiff's complaints to prison staff about alleged sexual harassment by another inmate and general requests to have officers removed from his cell block and to be placed on camera movement restriction simply did not place Sherman, Salomon, and Knapp on notice of any risk that Lentz and Pancoast would assault Plaintiff.

Plaintiff's argument that this case is analogous to *Travillion v. Wetzel*, 765 F. App'x 785 (3d Cir. 2019) is unavailing. In *Travillion*, the Third Circuit held that defendant prison officials were not entitled to summary judgment on the plaintiff's claim that they were deliberately indifferent to a risk that the plaintiff's cellmate would assault him.[68] Unlike the instant case, however, the factual record in *Travillion* established that defendants were aware of a risk that the assailant would assault plaintiff prior to the assault.[69] Here, by contrast, Plaintiff has not presented any evidence that Sherman, Salamon, and Knapp were aware of any risk that Lentz and Pancoast would assault him prior to the alleged assault.

I will accordingly grant summary judgment to Defendants on the deliberate indifference claim because there is no evidence that Defendants were deliberately

---

[68] *Travillion*, 765 F. App'x 790-95.
[69] *See id.* at 793 (noting statement from assailant that he told prison staff members "not to bring anymore of these rats to my cell when I kicked out my last cellie because I already know what they're trying to do to me. I caught my cellie Travillion talking to Ms. Clark about me when she came with PRC and he said I was crazy. I know he been talking to other C/Os about me to say I'm crazy . . . I know the plan if they try to give me another cellie I will kill him before they can get the cuffs off." (cleaned up));

indifferent to, or even aware of, a risk of harm to Plaintiff.[70]  I will not consider Defendants' alternative arguments that Plaintiff cannot establish their personal involvement or that Defendants are entitled to qualified immunity.

## V.     CONCLUSION

For the foregoing reasons, I will grant Defendants' motion for summary judgment.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[70] *See Clark*, 9 F.3d at 326 (noting that defendants meet their burden on a motion for summary judgment by hen there is an absence of evidence that rationally supports the plaintiff's case).